**Gaspar Andres MATEO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–70566.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM**

Gaspar Andres Mateo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and motion to reconsider the BIA's order summarily affirming an immigration judge's ("IJ") order denying Mateo's applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review denials of motions to reopen or reconsider for abuse of discretion, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (2005), and we deny the petition for review.

The BIA properly denied Mateo's motion for reconsideration because it failed to identify any legal or factual errors in the underlying decision. *See* 8 U.S.C. § 1229a(c)(6)(C); *see also Iturribarria v. INS,* 321 F.3d 889, 895–96 (9th Cir.2003) (motion to reconsider must be accompanied by a statement of reasons and supported by pertinent authority).

The BIA also properly denied Mateo's motion to reopen because, in the absence of evidence addressing the IJ's adverse credibility determination, the motion

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**18**

did not establish *prima facie* eligibility for asylum or withholding of removal. *See Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005) (motion to reopen must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish *prima facie* eligibility for the relief sought").

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.